IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG - 4 2009
J. T. NOBLIN, CLERK
BY_____ DEPUTY

GREGORY MACK, on behalf of himself
and others similarly situated

PLAINTIFF

v.

No. 3:09cv 463 DPJ-JCS

JURY DEMANDED

PHOENIX OPERATING, INC., a
domestic corporation

DEFENDANT

## COMPLAINT & DEMAND FOR JURY TRIAL

1. The Plaintiff, Gregory Mack ("Plaintiff"), was an employee of Defendant, Phoenix Operating, Inc, and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was foreman and manual laborer whose primary duties performed for Defendant consisted of installation and maintenance of oil well equipment in Hinds County, Mississippi.

2. The Defendant, Phoenix Operating, Inc. ("Defendant"), is a Mississippi corporation that operates and conducts business within Hinds County, Mississippi, and is therefore within the jurisdiction of this Court.

3. This action is brought pursuant to the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendant at any time within the past three (3) years.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§ 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. At all relevant times, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendant.

6. At all relevant times, Defendant failed to pay Plaintiff and other similarly situated employees at one and one-half times their regular pay rate for services they rendered to Defendant beyond a 40-hour workweek. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

7. Defendant failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular pay rate for hours worked in excess of 40 hours during one or more work weeks within the past 3 years.

8. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendant who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of 40 hours during one or more workweeks within the past 3 years.

9. Upon information and belief, official records documenting the hours worked by Plaintiff and similarly situated employees – to the extent such records exist – are in the possession, custody, and control of Defendant.

## FAILURE TO PAY OVERTIME COMPENSATION

10. Plaintiff reasserts and incorporates by reference all previous paragraphs.

11. Plaintiff and other similarly situated employees are entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of 40 hours in any work given week.

12. During their employment with Defendant, Plaintiff and other similarly situated employees worked overtime hours.

13. Defendant failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

14. As a direct and proximate result of said violation, Plaintiff and similarly situated employees suffered damages.

## DAMAGES AND REQUESTED RELIEF

15. Upon information and belief, Defendant's failure to properly compensate Plaintiff and other similarly situated employees for their labor was intentional, willful, reckless, and/or committed in bad faith.

16. As a result of Defendant's failure to lawfully compensate Plaintiff and other similarly situated employees for their work, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

17. As a result of Defendant's violation(s) of the FLSA as described above, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendant.

18. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees hereby seek judgment against Defendant ordering payment of all unpaid wages found to be due and owing, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Court may deem to be just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: _____
Jennifer M. Bermel, MS Bar #100550
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1827
Fax: (901) 333-1864
Email: jbermel@forthepeople.com

Attorneys for the Plaintiff

DATED: July 30, 2009